IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHESTER JOHNSON,

      Plaintiff,                    No. CIV S-09-2076 EFB P

      vs.                           9th Circ. Case No. No. 10-17592

J. LEE, et al.,

      Defendants.         <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. On August 26, 2010, the court ordered plaintiff to submit a new application to proceed in forma pauperis that included the proper certification within 30 days. Dckt. No. 6. On October 18, 2010, this court dismissed the case without prejudice for plaintiff's failure to submit a certified copy of his trust account statement. Dckt. No. 7. On October 22, 2010, after the case had been closed, the court received plaintiff's new motion to proceed in forma pauperis. Dckt. No. 9.

        Plaintiff then submitted a notice of appeal concurrently with a motion to vacate the judgment. Dckt. No. 10. In the motion, plaintiff indicates that he immediately filed an administrative appeal to obtain the required certified trust account statement upon receipt of the court's August 26, 2010 order. Once he obtained the certification, over a month later, he acted

1

diligently in submitting it to prison authorities for mailing to the court. Accordingly, the court finds that relief from the judgment is justified under Federal Rule of Civil Procedure 60(b).

The court further finds that plaintiff's application to proceed in forma pauperis makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

Pursuant to 28 U.S.C. § 1915A, the court shall review "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

The court has reviewed plaintiff's complaint and, for the limited purposes of § 1915A screening, finds that it states cognizable claims against defendants J. Lee and M. A. Chirila.

For the reasons stated below, the complaint does not state a cognizable claim against defendant C. Orrick. These claims will therefore be dismissed with leave to amend.

A district court must construe a pro se pleading "liberally" to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an opportunity to cure them. *See Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000). While detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).

////

////

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Id.* (citations and quotation marks omitted). Although legal conclusions can provide the framework of a complaint, they must be supported by factual allegations, and are not entitled to the assumption of truth. *Id.* at 1950.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation. *See Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978).

Plaintiff alleges that on January 10, 2008, defendant J. Lee reported on a CDC form 115 Rules Violation Report ("RVR") that the Metal Fabrication work supervisor had ordered plaintiff to go to work but that plaintiff refused. Dckt. No. 1 at 3. After a disciplinary hearing, plaintiff was found guilty of refusing to work and assessed a 30-day credits loss and a 90-day loss of various privileges. *Id.* The guilty finding was reversed and the discipline expunged after plaintiff administratively appealed it. *Id.* at 3, 11-12.

Plaintiff's statement of facts is devoid of mention of defendants Chirila and Orrick. However, pages attached to the complaint show that defendant Chirila acted as the hearing officer at plaintiff's disciplinary hearing and that defendant Orrick reviewed the initial RVR and provided a copy of the RVR and hearing report. While the attached documents may support a claim that defendant Chirila, as the hearing officer, deprived plaintiff of due process in some

3

respect at the hearing (*see id.* at 12), nothing in the complaint or attached pages indicates how defendant Orrick participated in or caused a violation of plaintiff's federal rights. The apparent facts that defendant Orrick simply reviewed the RVR and provided a copy to plaintiff do not establish a constitutional violation. There is no respondeat superior liability under § 1983. *Palmer v. Sanderson*, 9 F.3d 1433, 1437-38 (9th Cir. 1993). That is, plaintiff may not sue any supervisor on a theory that the supervisor is liable for the acts of his or her subordinates. *See Polk County v. Dodson*, 454 U.S. 312, 325, 102 S. Ct. 445, 70 L. Ed. 2d 509 (1981). "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 129 S. Ct. at 1948. A supervisor may be liable "for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Plaintiff does not allege that defendant Orrick knew the RVR to be false or otherwise participated in or directed the alleged constitutional violations of the other defendants. Plaintiff's claims against defendant Orrick must therefore be dismissed with leave to amend.

Plaintiff may proceed forthwith to serve defendants Lee and Chirila and pursue his claims against only those defendants or he may delay serving any defendant and attempt to state a cognizable claim against defendant Orrick.

If plaintiff elects to attempt to amend his complaint to state a cognizable claim against defendant Orrick, he has 30 days so to do. He is not obligated to amend his complaint. However, if plaintiff elects to proceed forthwith against defendants Lee and Chirila, against whom he has stated a cognizable claim for relief, then within 30 days he must return materials for service of process enclosed herewith. In this event the court will construe plaintiff's election as consent to dismissal of all claims against defendant Orrick, without prejudice.

////

////

Any amended complaint must adhere to the following requirements:

It must be complete in itself without reference to any prior pleading. E.D. Cal. Local Rule 220; *see Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading is superseded.

It must show that the federal court has jurisdiction and that plaintiff's action is brought in the right place, that plaintiff is entitled to relief if plaintiff's allegations are true, and must contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. *Johnson*, 588 F.2d at 743 (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

It must contain a caption including the name of the court and the names of all parties. Fed. R. Civ. P. 10(a).

Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs. Fed. R. Civ. P. 10(b). Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). Unrelated claims against different defendants must be pursued in multiple lawsuits. "The controlling principle appears in Fed. R. Civ. P. 18(a): 'A party asserting a claim . . . may join, [] as independent or as alternate claims, as many claims . . . as the party has against an opposing party.' Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." *George v. Smith*, 507 F.3d 605,

607 (7th Cir. 2007); *see also* Fed. R. Civ. P. 20(a)(2) (joinder of defendants not permitted unless both commonality and same transaction requirements are satisfied). Plaintiff may not change the nature of this suit by alleging new, unrelated claims in an amended complaint. *George*, 507 F.3d at 607 (no "buckshot" complaints).

The allegations must be short and plain, simple and direct and describe the relief plaintiff seeks. Fed. R. Civ. P. 8(a); *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002); *Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1125 (9th Cir. 2002). A long, rambling pleading, including many defendants with unexplained, tenuous or implausible connection to the alleged constitutional injury or joining a series of unrelated claims against many defendants very likely will result in delaying the review required by 28 U.S.C. § 1915 and an order dismissing plaintiff's action pursuant to Rule 41 of the Federal Rules of Civil Procedure for violation of these instructions.

Plaintiff must sign the complaint. Fed. R. Civ. P. 11(a). By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations and that for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others. Fed. R. Civ. P. 11.

A prisoner may bring no § 1983 action until he has exhausted such administrative remedies as are available to him. 42 U.S.C. § 1997e(a). The requirement is mandatory. *Booth v. Churner*, 532 U.S. 731, 741 (2001). By signing an amended complaint plaintiff certifies his claims are warranted by existing law, including the law that he exhaust administrative remedies, and that for violation of this rule plaintiff risks dismissal of his entire action, including his claims against defendants Lee and Chirila.

Accordingly, the court hereby orders that:

1. Plaintiff's November 12, 2010 motion to vacate the order dismissing this action is granted, and the order of October 18, 2010 dismissing this action and the consequent judgment of October 19, 2010 are hereby VACATED.

2. Plaintiff's motion to proceed in forma pauperis, filed October 22, 2010, is granted.

3. Plaintiff shall pay the statutory filing fee of $350 for this action. All payments shall be collected and paid in accordance with the notice to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

4. Claims against defendant Orrick are dismissed with leave to amend. Within 30 days of service of this order, plaintiff may amend his complaint to attempt to state cognizable claims against these defendants. Plaintiff is not obligated to amend his complaint.

5. The allegations in the pleading are sufficient at least to state cognizable claims against defendants Lee and Chirila. *See* 28 U.S.C. § 1915A. With this order the Clerk of the Court shall provide to plaintiff a blank summons, a copy of the complaint filed July 28, 2009, two USM-285 forms and instructions for service of process on defendants Lee and Chirila. Within 30 days of service of this order plaintiff may return the attached Notice of Submission of Documents with the completed summons, the completed USM-285 forms, and three copies of the July 28, 2009 complaint. The court will transmit them to the United States Marshal for service of process pursuant to Rule 4 of the Federal Rules of Civil Procedure. Defendants Lee and Chirila will be required to respond to plaintiff's allegations within the deadlines stated in Rule 12(a)(1) of the Federal Rules of Civil Procedure. In this event, the court will construe plaintiff's election to proceed forthwith as consent to an order dismissing his defective claims against defendant Orrick without prejudice.

6. Failure to comply with this order will result in this action being dismissed.

7. The Clerk is directed to serve a copy of this order on the U.S. Court of Appeals for the Ninth Circuit.

Dated: February 9, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

7

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHESTER JOHNSON,

     Plaintiff,                   No. CIV S-09-2076 EFB P

     vs.

J. LEE, et al.,

     Defendants.             <u>NOTICE OF SUBMISSION OF DOCUMENTS</u>

_____/

     In accordance with the court's order filed _____, plaintiff hereby elects to:

     (1) _____ consent to the dismissal of defendant Orrick without prejudice, and submits the following documents:

          __1__     completed summons form

          __2__     completed forms USM-285

          __3__     copies of the July 28, 2009 Complaint

**<u>OR</u>**

     (2) _____ delay serving any defendant and files a first amended complaint in an attempt to state cognizable claims against defendant Orrick.

Dated:

                                                         Plaintiff