IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHESTER JOHNSON,

        Plaintiff,                          No. 2:09-cv-02076 EFB P

    vs.

J. LEE, et al.,

        Defendants.                 <u>ORDER</u>

        Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983.  This case is before the undersigned pursuant to the parties' consent.  Dckt. Nos. 4, 23; *see* 28 U.S.C. § 636; *see also* E.D. Cal. Local Rules, Appx. A, at (k)(1)-(2).  Pending before the court is the July 25, 2012 motion to for summary judgment filed by all defendants. Dckt. No. 39.  For the reasons explained below, the motion must be granted.

**I.    The Complaint**

        This action proceeds on the verified complaint filed July 28, 2009.  Dckt. No. 1.  In the complaint, plaintiff asserts that defendants violated his rights to due process and equal protection by issuing him a disciplinary violation report that contained false information and subsequently finding him guilty of the offense.  *Id*.  Specifically, plaintiff alleges that defendant Lee filed a Rules Violation Report ("RVR") against him for refusing to work which falsely stated that a

Denis Korte[1] had ordered plaintiff to report to work. *Id.* at 3.[2] At the hearing on the RVR, defendant Chirila, acting as Senior Hearing Officer, found plaintiff guilty. *Id.* at 5-6. Plaintiff was assessed a 90-days loss of privileges (visits, quarterly packages, dayroom activities, and canteen) and a 30-day loss of time credits. *Id.* at 3-4.

Plaintiff appealed the guilt finding, arguing that Korte was not his supervisor, did not participate in authoring the RVR, and told plaintiff that he believed the RVR was illegal. *Id.* at 8. Plaintiff's appeal was granted on December 2, 2008 at the third level of review. *Id.* at 11-12. The appeals reviewer concluded that plaintiff did refuse to report to work (there was an inmate strike occurring at the time), but that the RVR should be reversed because defendant Chirila had not discussed whether Korte was the person who ordered plaintiff to work or why someone other than Korte signed the RVR. *Id.* at 12.

According to plaintiff,

> The loss of privileges (restricted) [sic] plaintiff's ability to participate in other activities such as Alcohol Anonymous [sic], Narcotic Anonymous [sic], and to remain disciplinary free, [and] did affect the outcome of plaintiff's appearance before the Parole Board on 8-25-08. Where plaintiff was found unsuitable, violated plaintiff's constitutional right to due process and equal protection.

*Id.* at 4.

## II.  Defendants' Factual Assertions

Defendants provide the following factual background: Plaintiff refused to go to work on January 7, 2008 as part of a larger inmate strike at California State Prison, Solano ("CSP-Solano"). Dckt. No. 39-2, Defs.' Statement of Undisputed Facts ISO Defs.' Mot. for Summ. J. (hereinafter "DUF") 3. Because so many inmates participated in the strike, correctional officials issued RVRs on a fill-in-the-blank template, with blanks for the date and time, inmate name,

---

[1] The documents in this case and the parties sometimes refer to this individual as "D. Kotz" or "D. Kortz."

[2] Page numbers cited herein refer to those assigned by the court's electronic docketing system and not those assigned by the parties.

name of the reporting officer, what the inmate stated, and how the inmate was identified. DUF 4. Defendant Lee signed many RVRs for other officers, who had filled out the remainder of the forms. DUF 6-7. Defendant Lee thought Korte was plaintiff's supervisor. DUF 7.

      Plaintiff was given a copy of the RVR on January 29, 2008, and the hearing occurred on February 4, 2008. DUF 8, 9. Plaintiff did not request to have any witnesses present at the hearing. DUF 11. Plaintiff did not inform defendant Chirila that defendant Lee signed for Korte. DUF 12. Plaintiff simply denied the charges of the RVR and stated that he had said he was afraid for his safety but did not say he would not go to work. DUF 13. Plaintiff was found guilty and lost 30 days of worktime credits and 90 days of Friday visits. DUF 15, 16. Plaintiff's "privilege group" was reduced to "Privilege Group C" for 90 days. DUF 16. This meant no family visits, one-fourth the maximum monthly canteen draw "as authorized by the secretary," emergency calls only, limited yard access and no other recreational or entertainment activities, and no personal property packages. DUF 17. The day that plaintiff missed from work was deemed an "A" day; i.e., an unexcused absence. DUF 31. While plaintiff's inmate appeal resulted in the withdrawal of the RVR and restoration of plaintiff's worktime credits, the "A" day remained on his record, because the appeals reviewer determined that plaintiff had, indeed, refused to work. DUF 31.

      Plaintiff is serving an indeterminate sentence and has passed his minimum eligible parole date. DUF 32, 33. Plaintiff's release depends on a determination by the parole board that he is suitable for parole, thus the "A" day did not impact the duration of his sentence in any way other than potentially impacting the parole board's suitability determination. DUF 33, 34. At his 2008 suitability hearing, the board denied parole based on a variety of factors. DUF 38-52. One factor was the January 2008 RVR for refusing to work. DUF 38. The board also considered: plaintiff's adverse psychological report indicating a moderate risk of violent recidivism; plaintiff's multiple commitment offenses which were committed in a heinous, cruel, and callous manner in the view of the board; plaintiff's criminal and social histories which included past

1  crimes, drug use, and other poor behavior; plaintiff's other substantial misconduct in prison;
2  plaintiff's "questionable" parole plans; and plaintiff's failure to learn the precepts of Alcoholics
3  Anonymous and Narcotics Anonymous.  DUF 38-52.
4       Plaintiff was again denied parole in 2010, after the RVR at issue here was removed from
5  his file.  DUF 54.

### III. Plaintiff's Response to Defendants' Factual Assertions

7       Plaintiff sets forth a number of purported disputes in response to defendants' proffered
8  facts.  Dckt. No. 35, Pl.'s Statement of Undisputed Facts In Opp'n to Defs.' Mot. for Summ. J.
9  For the most part, plaintiff appears to object to defendants' declarations and other supporting
10 evidence without explaining why that evidence does not support the proffered fact.  The court
11 has reviewed defendants' evidence and finds plaintiff's objections thereto to be without merit.
12      Plaintiff asserts in his declaration supporting his opposition to the instant motion that, at
13 the RVR hearing, he told defendant Chirila that Korte had stated that he did not order plaintiff to
14 work and did not author the RVR.  Dckt. No. 35 at 21.  Plaintiff attests that he told defendant
15 Chirila that Korte had told him he would testify that the RVR was illegal.  *Id.*  Plaintiff also told
16 Chirila that defendant Lee was not his supervisor and had not ordered him to go to work.  *Id.*
17 Plaintiff claims in his opposing memorandum that defendant Chirila refused plaintiff's request to
18 call Korte to testify at the hearing.  *Id.* at 6.

### IV. Summary Judgment Standard

20      Summary judgment is appropriate when there is "no genuine dispute as to any material
21 fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  Summary
22 judgment avoids unnecessary trials in cases in which the parties do not dispute the facts relevant
23 to the determination of the issues in the case, or in which there is insufficient evidence for a jury
24 to determine those facts in favor of the nonmovant.  *Crawford-El v. Britton*, 523 U.S. 574, 600
25 (1998); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-50 (1986); *Nw. Motorcycle Ass'n v.*
26 *U.S. Dep't of Agric.*, 18 F.3d 1468, 1471-72 (9th Cir. 1994).  At bottom, a summary judgment

motion asks whether the evidence presents a sufficient disagreement to require submission to a jury.

The principal purpose of Rule 56 is to isolate and dispose of factually unsupported claims or defenses. *Celotex Cop. v. Catrett*, 477 U.S. 317, 323-24 (1986). Thus, the rule functions to "'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e) advisory committee's note on 1963 amendments). Procedurally, under summary judgment practice, the moving party bears the initial responsibility of presenting the basis for its motion and identifying those portions of the record, together with affidavits, if any, that it believes demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323; *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001) (en banc). If the moving party meets its burden with a properly supported motion, the burden then shifts to the opposing party to present specific facts that show there is a genuine issue for trial. Fed. R. Civ. P. 56(e); *Anderson.*, 477 U.S. at 248; *Auvil v. CBS "60 Minutes"*, 67 F.3d 816, 819 (9th Cir. 1995).

A clear focus on where the burden of proof lies as to the factual issue in question is crucial to summary judgment procedures. Depending on which party bears that burden, the party seeking summary judgment does not necessarily need to submit any evidence of its own. When the opposing party would have the burden of proof on a dispositive issue at trial, the moving party need not produce evidence which negates the opponent's claim. *See e.g., Lujan v. National Wildlife Fed'n*, 497 U.S. 871, 885 (1990). Rather, the moving party need only point to matters which demonstrate the absence of a genuine material factual issue. *See Celotex*, 477 U.S. at 323-24 (1986). ("[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the 'pleadings, depositions, answers to interrogatories, and admissions on file.'"). Indeed, summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's

case, and on which that party will bear the burden of proof at trial. *See id.* at 322. In such a circumstance, summary judgment must be granted, "so long as whatever is before the district court demonstrates that the standard for entry of summary judgment, as set forth in Rule 56(c), is satisfied." *Id.* at 323.

To defeat summary judgment the opposing party must establish a genuine dispute as to a material issue of fact. This entails two requirements. First, the dispute must be over a fact(s) that is material, i.e., one that makes a difference in the outcome of the case. *Anderson*, 477 U.S. at 248 ("Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."). Whether a factual dispute is material is determined by the substantive law applicable for the claim in question. *Id.* If the opposing party is unable to produce evidence sufficient to establish a required element of its claim that party fails in opposing summary judgment. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 322.

Second, the dispute must be genuine. In determining whether a factual dispute is genuine the court must again focus on which party bears the burden of proof on the factual issue in question. Where the party opposing summary judgment would bear the burden of proof at trial on the factual issue in dispute, that party must produce evidence sufficient to support its factual claim. Conclusory allegations, unsupported by evidence are insufficient to defeat the motion. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir.1989). Rather, the opposing party must, by affidavit or as otherwise provided by Rule 56, designate specific facts that show there is a genuine issue for trial. *Anderson*, 477 U.S. at 249; *Devereaux*, 263 F.3d at 1076. More significantly, to demonstrate a genuine factual dispute the evidence relied on by the opposing party must be such that a fair-minded jury "could return a verdict for [him] on the evidence presented." *Anderson*, 477 U.S. at 248, 252. Absent any such evidence there simply is no reason for trial.

////

The court does not determine witness credibility. It believes the opposing party's evidence, and draws inferences most favorably for the opposing party. *See id.* at 249, 255; *Matsushita*, 475 U.S. at 587. Inferences, however, are not drawn out of "thin air," and the proponent must adduce evidence of a factual predicate from which to draw inferences. *American Int'l Group, Inc. v. American Int'l Bank*, 926 F.2d 829, 836 (9th Cir.1991) (Kozinski, J., dissenting) (citing *Celotex*, 477 U.S. at 322). If reasonable minds could differ on material facts at issue, summary judgment is inappropriate. *See Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995). On the other hand, "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita*, 475 U.S. at 587 (citation omitted); *Celotex.*, 477 U.S. at 323 (If the evidence presented and any reasonable inferences that might be drawn from it could not support a judgment in favor of the opposing party, there is no genuine issue). Thus, Rule 56 serves to screen cases lacking any genuine dispute over an issue that is determinative of the outcome of the case.

Concurrent with the instant motion, defendant advised plaintiff of the requirements for opposing a motion pursuant to Rule 56 of the Federal Rules of Civil Procedure. Dckt. No. 39-11; *see Woods v. Carey*, 684 F.3d 934 (9th Cir. 2012); *Rand v. Rowland*, 154 F.3d 952, 957 (9th Cir. 1998) (en banc), *cert. denied*, 527 U.S. 1035 (1999), and *Klingele v. Eikenberry*, 849 F.2d 409 (9th Cir. 1988).

**V.   Analysis**

Plaintiff alleges that defendants deprived him of due process by imposing discipline on him based on an RVR that contained some false information regarding who ordered plaintiff to work and who authored the RVR. These allegations implicate two aspects of due process: (1) the process due at a disciplinary hearing and (2) the process due at a parole suitability hearing.

Where good-time credits may be revoked, prisoners facing discipline are entitled to the following procedural protections under the Due Process Clause: (1) written notice of the charges, (2) at least 24 hours of preparation time before the hearing, (3) a written statement of decision,

7

1  (4) the right to present witnesses and evidence "when permitting him to do so will not be unduly
2  hazardous to institutional safety or correctional goals," and (5) assistance if the inmate is
3  illiterate or the issues are complex. *Wolff v. McDonnell*, 418 U.S. 539, 564-67 (1974). There is
4  no dispute in this case that plaintiff received written notice over 24 hours prior to the hearing,
5  was provided a written statement of decision, and did not require assistance as he was not
6  illiterate and the issues were not complex. DUF 8-10, 18; Dckt. No. 35 at 9.

7  Plaintiff, in response to the instant motion, contends that defendant Chirila denied his
8  request to call Korte as a witness at his disciplinary hearing. Dckt. No. 35 at 6. Plaintiff's
9  complaint is devoid of any allegation that plaintiff was not allowed to call witnesses at the
10 hearing. Rather, the complaint simply alleges that the RVR contained false information. Dckt.
11 No. 1. Plaintiff's inmate appeals similarly contain no allegation that defendant Chirila refused a
12 request to call Korte to testify at the hearing. Dckt. No. 39-4 at 4-6. Plaintiff's new allegation is
13 lacking in detail, self-serving, and entirely uncorroborated. Accordingly, the court finds that
14 plaintiff has failed to raise a triable issue of material fact that he was not allowed to call
15 witnesses by so asserting for the first time in opposing the motion for summary judgment. *See*
16 *Nilsson v. City of Mesa*, 503 F.3d 947, 952 n.2 (9th Cir. 2010); *Villiarimo v. Aloha Island Air,*
17 *Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002). As there is no dispute that the remaining required
18 procedural protections were provided to plaintiff in connection with the RVR hearing, there is no
19 triable issue of material fact that plaintiff was denied due process there.

20 Nor is there any dispute that plaintiff received all the process due at his parole suitability
21 hearing in 2008. While plaintiff alleges that the presence of the RVR in his file caused him to be
22 denied parole wrongfully, all that federal due process requires in the context of a parole
23 suitability hearing is that plaintiff be provided an opportunity to be heard and a statement of
24 reasons why parole was denied. *Swarthout v. Cooke*, __ U.S. __, 131 S. Ct. 859, 861-62 (2011).
25 Plaintiff makes no allegation that he was not provided an opportunity to be heard at his 2008
26 parole review. Furthermore, defendants have provided the transcript of the parole board's

statement of decision. Dckt. No. 39-5 at 10-12. That transcript shows that a statement of decision was provided to plaintiff. Accordingly, there is no triable dispute over the facts establishing that plaintiff was not deprived of due process at his parole review.

Lastly, plaintiff has not raised a triable issue of material fact that defendants violated his rights under the Equal Protection Clause. To establish a violation of that clause, a plaintiff must show that he was treated in a manner inconsistent with others similarly situated, and that defendant acted with an intent or purpose to discriminate against him based upon membership in a protected class. *Thornton v. City of St. Helens*, 425 F.3d 1158, 1166-67 (9th Cir. 2005). Plaintiff conclusorily asserts that he is a member of a protected class, but he has not identified any protected class to which he belongs, much less produced evidence showing that any defendant intentionally discriminated against him based on his membership in such a class.

As plaintiff has failed to provide evidence demonstrating that a triable issue of material fact exists such that this case must proceed to trial, defendants' motion for summary judgment is granted.

**VI.    Order**

For all of the above reasons, the court ORDERS that:

1. Defendants' July 25, 2012 motion for summary judgment (Dckt. No. 39) is granted;

2. The Clerk is directed to enter judgment for defendants and close the case.

Dated: February 26, 2013.

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE